## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

1. JOHN HARDEMAN )
   As Trustee for the Bankruptcy )
   Estate of DAWN SCHWARTZ, )
   )
   Plaintiff, )
   ) Case No. CIV-16-270-R
   v. ) JURY TRIAL DEMANDED
   ) ATTORNEY LIEN CLAIMED
1. AMERICAN AIRLINES, INC., )
   )
   Defendant. )

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

### PARTIES

1. The Plaintiff is Dawn Schwartz, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is American Airlines, Inc., a foreign for profit business corporation doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's actions are for disability discrimination and retaliation after Plaintiff requested reasonable accommodations, in violation of the Americans with Disabilities Act (ADA) and the Oklahoma Anti-Discrimination Act (OADA). Plaintiff also brings claims for discrimination and retaliation for asserting her rights under the Family Medical Leave Act (FMLA). Jurisdiction over Plaintiff's federal claim is vested pursuant to 42 U.S.C. § 12117(a), 29 U.S.C. § 2617, and 28 U.S.C. § 1331. The state claim arises out of the same core of facts and jurisdiction over these claims is vested in 28 U.S.C. § 1367(b).

4. The Plaintiff worked in Oklahoma County, Oklahoma and the Defendant may be served in that county. Oklahoma County is within the Western District of Oklahoma such that venue is proper pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. The Defendant employs fifty (50) or more employees within seventy-five (75) road miles of Plaintiff's work location and is a covered employer under the FMLA and the ADA.

6. Plaintiff had worked more than one (1) year for the Defendant at the time of her termination and had worked more than 1250 hours during the twelve (12) months prior to termination. Plaintiff had not used twelve (12) weeks of leave during the prior twelve (12) months. Therefore, Plaintiff was an eligible employee under the FMLA.

7. Plaintiff began work for Defendant around March 1995 until her termination on or around September 25, 2014. At the time of her termination, Plaintiff worked as a Customer Service Agent.

8. Plaintiff was qualified for her job and performed satisfactorily.

9. Plaintiff suffers from diabetes and heart disease, which, without regard to mitigating measures substantially limit one or more major life activities and bodily functions, including (but not necessarily limited to) endocrine and circulatory function, and eating, inability to think, concentrate and communicate.

10. As a result of the limitations set out in Paras. 8, above, Plaintiff suffers from a disability as defined by all three prongs of the Americans with Disabilities Act in that she suffers from a condition which materially impairs major life activities and bodily functions as defined by 42 U.S.C. § 12102(1)(A), (2)(B) and/or is regarded as having an impairment as defined by 42 U.S.C. § 12102(1)(C), (3), and/or has a record of disability as defined in 42 U.S.C. § 12102(1)(B).

11. Defendant perceived Plaintiff as being disabled as shown by the comments made by Plaintiff's supervisor (Greg Paglini) and others, that Plaintiff's medical condition making her lack focus and become "foggy."

12. Around February, 2014 Antonio De La Vega became one of Plaintiff's supervisors. Mr. Vega was aware of Plaintiff's medical conditions and aware that Plaintiff was taking off work for FMLA protected reasons.

13. Plaintiff asked off work for medical appointments approximately once per month and additionally asked for family medical leave about five days per month. Additionally, Plaintiff was required to take a break and test her blood sugar about twice per day. In addition to these requested accommodations, Plaintiff requested restroom breaks and breaks to eat to regulate her blood sugar.

14. Plaintiff requested the reasonable accommodations, including those requests set out in para. 11, above, at various times in her employment including in September, 2014. Plaintiff made these requests to various supervisors including Mr. Paglini.

15. Defendant refused to provide Plaintiff most of her requested restroom breaks and breaks to eat, denying Plaintiff these reasonable accommodations.

16. Around the end of June or beginning of July, the Plaintiff requested intermittent FMLA leave because of her diabetes and heart condition. The intermittent leave was to continue into the following year.

17. Plaintiff was terminated around September 25, 2014.

18. The stated reason for terminating the Plaintiff was that she had cursed at a co-worker.

19. This reason is pretextual for several reasons, including that Defendant routinely allowed cursing by employees and that the allegation made against the Plaintiff was not completely true.

20. Had the Plaintiff not been terminated she would have been entitled to utilize her FMLA leave in October through December 2014 and for several days each month thereafter. Because of the termination, the Plaintiff was denied the opportunity to utilize such FMLA leave and to otherwise exercise her rights under the FMLA.

21. At the least the Plaintiff's termination was motivated by her disability (including

3

having an actual disability, having a record of a disability and because the Defendant perceived the Plaintiff as being disabled), her request for accommodation, and her exercising of her FMLA rights.

22. As a direct result of Plaintiff's termination she has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, stress, frustration and similar unpleasant emotions.

23. Plaintiff has exhausted her administrative remedies under the ADA and OADA by timely filing an EEOC charge of discrimination on December 8, 2014. The EEOC issued Plaintiff her right to sue letter on December 22, 2015 and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter. There is no exhaustion requirement under the FMLA.

## COUNT I

For Plaintiff's first cause of action she incorporates the above facts and further alleges:

24. Discrimination on the basis of disability (including actual, record and/or perceived), failure to accommodate and retaliation for requesting accommodations violates the ADA and the OADA.

25. Under this Count Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages).

26. Under the ADA Plaintiff is entitled to emotional distress damages. Under the OADA, Plaintiff is entitled to liquidated damages.

27. Because Defendant's conduct was willful or, at the least, in reckless disregard for Plaintiff's rights, she is entitled to an award of punitive damages under the ADA.

## COUNT II

For Plaintiff's second cause of action she incorporates the above facts and further alleges:

28. Terminating the Plaintiff in retaliation for exercising her rights under the FMLA, including because Plaintiff took FMLA leave and/or requested FMLA, violates the FMLA. Interference with Plaintiff's future right to utilize FMLA by terminating her to prevent her from using such leave, violates the FMLA.

29. Under this Count Plaintiff is entitled to her wage loss including back, present and front pay along with the value of benefits associated with such wages.

30. Because the conduct of the Defendant was not taken in good faith the Plaintiff is also entitled to an award of punitive damages.

## **PRAYER**

**WHEREFORE**, Plaintiff prays that he be granted judgement in his favor and against the Defendants on all of his claims, and that this Court grant all available relief including, but not limited to, compensatory damages, punitive damages, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 21st DAY OF MARCH, 2016**.

HAMMONS, GOWENS, HURST & ASSOC.

s/ Leah M. Roper
Mark Hammons, OBA No. 3748
Amber L. Hurst OBA No. 21231
Leah M. Roper, OBA No. 32107
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: leah@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED